THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS SALAMEH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 08 C 4372 |
| SEARS HOLDINGS MANAGEMENT CORPORATION, | ) ) ) | Judge Norgle |
| | ) | Magistrate Judge Valdez |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO THE DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Plaintiff, NICHOLAS SALAMEH, by and through his attorneys, HOLMAN & STEFANOWICZ, LLC, and responds to the Defendant's Motion for Summary Judgment as follows:

**I. INTRODUCTION.**

The Plaintiff was terminated from his position as a Program Manager at Defendant, SEARS HOLDINGS MANAGEMENT CORPORATION's (hereinafter "Sears") Hoffman Estates office one day prior to beginning his FMLA leave. All of the participants in the Plaintiff's termination were aware of the Plaintiff's FMLA leave prior to terminating him. In fact, all the participants in Plaintiff's termination had meetings prior to his termination regarding his FMLA leave.

It is clear that the Plaintiff was terminated due to his request to take FMLA leave. The Defendant's arguments that the Plaintiff is unable to prove his *prima facie* case under

either the direct or indirect methods of proof are incorrect for the reasons stated *infra*. Furthermore, the Defendant fails to meet their burden of proof that Sears terminated the Plaintiff for a legitimate non-discriminatory reason. Thus, the Defendant's Motion for Summary Judgment should be denied.

## II.     SUMMARY JUDGMENT STANDARD.

Summary Judgment is only proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). "At the summary judgment stage the judge's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *King v. Preferred Technical Group*, 166 F.3d 887, 894 (7th Cir. 1999) citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [his] favor." *Culver v. Gorman & Company*, 416 F.3d 540, 545 (7th Cir. 2005) citing *Anderson*, 477 U.S. at 247.

The summary judgment standard requires that a nonmoving party's evidence be viewed in the light most favorable to him. See *Culver*, 416 F.3d at 546. Thus, if there is doubt about the existence of a material fact, then those doubts should be resolved in favor of the nonmoving party and summary judgment ought to be denied. *Wolf v. Fitchburg*, 870 F.2d 1327, 1330 (7th Cir. 1989). The burden rests squarely with the party moving for summary judgment to demonstrate that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

2

### A. Summary Judgment Standard In FMLA Retaliation Claims.

The standard of a nonmoving party's evidence viewed in the light most favorable to him is applied with added rigor in FMLA retaliation cases where intent and credibility become crucial issues. *King*, 166 F.3d at 890. In the context of a retaliation claim, the persuasiveness of a Defendant's explanation for an adverse employment action is reserved for the finder of fact to assess. *Culver*, 416 F.3d at 546. Accordingly, summary judgment for the employer is **only** appropriate if a reasonable fact finder is forced to accept as true the employer's explanation for the adverse employment action. *Id.* at 547. (Emphasis added.) If the employee can point to specific facts that place the employer's explanation in doubt then summary judgment for the employer shall be denied. See *Id.*

## III. ARGUMENT.

### A. The Plaintiff Can Establish A Retaliation Claim.

An employer may not retaliate, including using FMLA leave as a negative factor in employment actions, against any employee who has requested FMLA leave. See 29 C.F.R. 825.220(c)(e); 29 U.S.C. § 2615(a)(2). The Seventh Circuit concluded that a court evaluates FMLA retaliation claims the same way it would evaluate a claim of retaliation under other employment statutes. See *King*, 166 F.3d at 891. As a result, there are two methods -- direct and indirect -- a Plaintiff can use to prove that his employer retaliated against him for engaging in a protected activity.

### i. The Plaintiff Succeeds Under The Direct Method.

Under the "direct method" the Plaintiff can establish a *prima facie* case of retaliatory discharge by demonstrating the following: "(1) the plaintiff engaged in a protected activity; (2) the employer took adverse employment action against the employee; and (3) there is a causal connection between the employee's protected activity and the employer's adverse employment action." *King*, 166 F.3d at 892; *Culver*, 416 F.3d at 545; *Lang v. Illinois Dep't of Children and Family Services*, 361 F.3d 416, 418 (7th Cir. 2004).

"Direct evidence" (i.e. admissions) is not necessary in order to prevail under the direct method; the Seventh Circuit has stated that a Plaintiff can prove the elements of the direct method (as listed *supra*) by means of circumstantial evidence. See *Sylvester v. SOS Children's Villages Illinois, Inc.*, 453 F.3d 900, 902 (7th Cir. 2006); see also *Culver*, 416 F.3d at 545 (The direct method can be supported through either direct or **circumstantial evidence and circumstantial evidence can be used to establish a causal link**.) The theory that a Plaintiff can only prove his case under the direct method through direct evidence, *i.e.* an admission by the decision-maker, without resort to inferences from circumstantial evidence has been deemed "**misleading dictum**." *Sylvester*, 453 F.3d at 902. Thus, the Plaintiff can proceed with proof of circumstantial evidence of retaliation under the direct method.

The Plaintiff is first required to show that the he engaged in a protected activity. *King*, 166 F.3d at 892; *Culver*, 416 F.3d at 545. Clearly, the fact that the Plaintiff requested and obtained FMLA leave is a protected activity. (Plaintiff's Facts ¶¶ 17-21.)

4

The Plaintiff is then required to show that Defendant took adverse employment action against him. *King*, 166 F.3d at 892; *Culver*, 416 F.3d at 545. It is undisputed that the Plaintiff was terminated after the Plaintiff requested and had his FMLA leave approved. (Plaintiff's Facts ¶¶ 17-22.) It is also undisputed that the Plaintiff was terminated one day prior to when his FMLA leave was to begin. (Plaintiff's Facts ¶¶ 21-22.)

Finally, the Plaintiff needs to demonstrate a causal connection between his FMLA leave and his termination by Defendant. *King*, 166 F.3d at 892; *Culver*, 416 F.3d at 545. As discussed *supra*, a Plaintiff can use circumstantial evidence to establish a causal link so that a finder of fact could infer retaliation. See *Culver*, 416 F.3d at 546. The Seventh Circuit further explains that a causal link between the protected activity and the adverse employment action may be established by showing that the protected conduct was a substantial or motivating factor in the employer's decision. *Id.* at 545. "A motivating factor does not amount to a but-for-factor or to the only factor, but is rather a factor that motivated the defendant's actions." *Id.* at 545.

The timing of the adverse employment action in regards to the protected activity is the first indicator a court will use to determine whether there is a causal link between the protected activity and the adverse employment action. See *King*, 166 F.3d at 893 ("Generally, a plaintiff may establish such a link through evidence that the discharge took place on the heels of the protected activity"); see also *Lang*, 361 F.3d at 419 (the timing of the adverse action and the protected activity is an important "evidentiary ally of the plaintiff.")

5

In the case at bar, Plaintiff was terminated from his position as Program Manager the day before he was supposed to begin his FMLA leave. (Plaintiff's Facts ¶¶ 21-22); see *King*, 166 F.3d at 893 (Plaintiff's termination one day after she completed her FMLA leave of absence was sufficient to establish *prima facie* case of retaliation); *Culver*, 416 F.3d at 546 (Plaintiff was terminated a mere 72 hours after she partook in the protected activity, "rendering close temporal proximity utterly transparent"); *Lang*, 361 F.3d at 419 (holding that the close proximity of the plaintiff's protected activity and his termination was a main factor in the court's denial of the Defendant's motion for summary judgment.) Moreover, the Defendant's argument that the decision to terminate the Plaintiff was made before the Plaintiff requested his FMLA leave fails since the alleged decision-maker, Buchanan testified that he does not remember the exact date he made the decision to terminate the Plaintiff. (Plaintiff's Facts ¶ 26); see *Wolf*, 870 F.2d at 1330 (if there is doubt about the existence of a material fact, then those doubts should be resolved in favor of the nonmoving party and summary judgment ought to be denied.)

In addition to the close proximity between the protected activity and the adverse employment action courts look to a number of other factors to determine a causal link. The Seventh Circuit in *Lang* also relied upon plaintiff's previous positive employment history with the Defendant. *Lang*, 361 F.3d at 419-20. In this case, Plaintiff had ten (10) years of excellent employment prior to his FMLA leave. (Plaintiff's Facts ¶¶ 1-14.) Additionally, the project the Plaintiff was working on immediately prior to his termination was on target. (Plaintiff's Facts ¶ 7.) Moreover, the Plaintiff received praise from two other project managers in the two months prior to his FMLA request. (Plaintiff's Facts ¶¶ 9-11.)

In *Culver*, the Seventh Circuit also relied upon the employer's sudden dissatisfaction with the plaintiff's performance immediately after the plaintiff's engagement in the protected activity. *Culver*, 416 F.3d at 546. In the case at bar, on or about August 30, 2007, the Plaintiff received positive reviews and comments in his 2007 Mid-Year Performance Review. (Plaintiff's Facts ¶ 13.) On or about the end of the year in 2007, the Plaintiff began to experience anxiety attacks, which caused the Plaintiff to lose large patches of hair on his head. (Plaintiff's Facts ¶ 15.) By April of 2008, the Plaintiff had lost 85% of his hair. *Id.* Around April of 2008, the Plaintiff first requested medical leave applications from Leslie Kromar. (Plaintiff's Facts ¶ 17.) Also, in April of 2008, the Plaintiff received a lower performance review on his 2007 Year-End Review than he had in previous performance reviews. (Def. Statement of Facts ¶ 18; Plaintiff's Facts ¶¶ 12-13.)

It is evident that Plaintiff has met his burden under the direct method of proof of establishing a *prima facie* case of retaliation by the Defendant in violation of the FMLA.

      ii.      **The Plaintiff Also Satisfies The Indirect Method.**

"The Plaintiff's evidence on the prima facie case need not be overwhelming or even destined to prevail; rather the plaintiff need present only some evidence from which one can infer that the employer took adverse action against the plaintiff on the basis of a statutorily protected criterion." *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 405 (7th Cir. 2007.) The *prima facie* case should show that the actions taken by the Defendant more likely than not were based on impermissible factors. *Id.*

7

The Defendant contends that the Plaintiff must establish four (4) elements under the indirect method to make a *prima facie* case: (1) he engaged in a statutorily protected activity, (2) he met Sears' legitimate work expectations; (3) he suffered an adverse employment action; and (4) he was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. (Def. Memo. p. 3-4.) The Defendant only argues that the Plaintiff fails to meet two of the four requirements: (1) the Plaintiff did not engage in a statutorily protected activity; and (2) that other similarly situated employees who did not engage in protected activity were treated more favorably than Plaintiff. (Def. Memo. p. 4.)[1] The Plaintiff can easily establish each of the Defendant's contested elements.

First, the Plaintiff did engage in a statutorily protected activity. It is undisputed that the Plaintiff requested FMLA leave and the Defendant approved the Plaintiff's FMLA leave.[2] (Plaintiff's Facts ¶¶ 15-21.) The Plaintiff followed the appropriate channels required to request FMLA leave. (Plaintiff's Facts ¶¶ 17-19.) All participants in the Plaintiff's termination -- Kizilbash, Kromar, Balistee, and Buchanan -- were aware that the Plaintiff requested and was planning to take medical leave on May 23, 2008 -- the day following his termination. (Plaintiff's Facts ¶ 25.)

Secondly, similarly situated employees were treated more favorably than the Plaintiff. At the time of the Plaintiff's termination there were seven program managers, including the Plaintiff, who reported to Jeff Kizilbash. (Plaintiff's Response to Def.

---

[1] The Plaintiff can also easily establish that he was meeting Sears legitimate work expectations (Plaintiff's Facts ¶¶ 1-14, 32; Plaintiff's Response to Def. Statement of Facts ¶ 18) and that the Plaintiff suffered an adverse employment decision (Plaintiff's Facts ¶ 22.)

[2] Statute and regulations establish that medical certification provided by employee is presumptively valid if it contains required information and is signed by health care provider; burden is on employer to establish that certification is invalid or inauthentic. *Kauffman v. Federal Express, Corp.*, 426 F.3d 880 (7th Cir. 2005); see also 29 U.S.C.S. § 2613; 29 C.F.R. § 825.307(a); (Medical Leave Certification Form.) Defendant has provided no evidence that the Plaintiff's Medical Leave Certification Form was invalid.

Statement of Facts ¶ 7; May 2008 Salaried Impacts.) The Plaintiff was the only project manager that was terminated in May of 2008 from Sears' Hoffman Estates office. (Plaintiff's Facts ¶ 27); see, *Elkhatib v. Dunkin Donuts, Inc.*, 493 F.3d 827, 831 (7th Cir. 2007) (Employees do not have to be identical; only a substantial similarity is needed for comparison.)

Defendant attempts to argue that the other program managers do not constitute similarly situated employees because they were "superior employees" to the Plaintiff. (Def. Memo. p. 5-6.) The only evidence the Defendant presents to support its argument that the other program managers in Plaintiff's group were superior performers than the Plaintiff is the program managers' overall performance reviews for the year-end of 2007. This is hardly sufficient to qualify these employees as superior performers than the Plaintiff, especially since the difference in overall performance reviews between six of the seven employees was 0.1. (Plaintiff's Facts ¶ 31); see, *Humphries*, 474 F.3d at 405.) (There is no "magic formula for determining whether someone is similarly situated." It is a flexible inquiry, with the fundamental question being "whether such distinctions are so significant that they render the comparison effectively useless.") Additionally, Buchanan admitted that there was no distinction between an overall performance review rating of 3.0 and an overall performance review rating of 3.1. (Plaintiff's Facts ¶ 32.)

Furthermore, the Plaintiff has presented evidence that when a fellow employee requested medical leave in the past the employee was terminated. (Plaintiff's Facts ¶ 33.) Obviously, the Plaintiff has presented a *prima facie* case of retaliation under the indirect method.

9

Once the Plaintiff has established his *prima facie* case, then it is the Defendant's burden, by a preponderance of the evidence, to prove that the same adverse employment action would have occurred regardless of whether the employee requested FMLA leave. See King, 166 F.3d at 892; Culver, 416 F.3d at 546. However, the mere presentation of a non-retaliatory reason for the adverse employment action is not sufficient for the Defendant to meet its burden of production. See Culver, 416 F.3d at 546 ("The persuasiveness of the Defendant's explanation for its adverse employment action is usually for the finder of fact to assess; thus summary judgment should only be granted based on the Defendant's explanation when the Defendant presents **unrebutted** evidence that the adverse employment would have taken place.") (Emphasis added.)

Sears' mere presentation that Plaintiff was selected for termination due to cost reductions and because he had the lowest overall 2007 year-end performance evaluation score for his team does not meet Sears' burden of production in this matter. The facts of this case have shown that the difference in overall performance reviews between six of the seven program managers was 0.1. (Plaintiff's Facts ¶ 31.) The alleged decision-maker in this case, Buchanan, testified that there was no difference between a 3.0 overall performance score -- the Plaintiff's score -- and a 3.1 overall performance score -- the score of another program manager in Plaintiff's team. (Plaintiff's Facts ¶¶ 31-32.) Additionally, the Defendant cannot rely upon the explanation that the Plaintiff was eliminated for cost reduction purposes, since the evidence has shown that Sears had open positions in the Plaintiff's job title both before and after his termination. (Plaintiff's Facts ¶¶ 28-30); see, Duncan v. Fleetwood Motor Homes of IN, 518 F.3d 486, 491 (7th Cir. 2008.) (An employer will not meet its burden of production when the evidence

shows that Defendant's stated "legitimate" reason for termination is an impossibility.) Thus, Sears cannot present unrebutted evidence that "poor performance" or cost reductions were the reasons the Plaintiff was selected for termination. Since the Defendant cannot demonstrate with unrebutted evidence that Plaintiff would have been terminated regardless of his FMLA leave then the case must proceed to trial. *Burnett*, 472 F.3d at 481; see also *Phelan v. Cook County*, 463 F.3d 773, 787 (7th Cir. 2006).

Even if the Court determines that the Defendant's has met its burden that it terminated the Plaintiff for solely non-discriminatory reasons, the Plaintiff can show that these reasons were a pretext. Sears' alleges that the Plaintiff was selected for termination because he had the lowest overall 2007 Year-End Performance score and Sears was being forced to reduce the head count in Plaintiff's group. (Def. Memo. p. 6.) As the undisputed facts demonstrate, before and after Plaintiff's termination, Sears had open program manager positions -- the same position the Plaintiff held. (Plaintiff's Facts ¶¶ 28-30.) Obviously, Sears was expanding Plaintiff's department rather than reducing its size. See, *Duncan v. Fleetwood Motor Homes of IN*, 518 F.3d 486, 491-492 (7th Cir. 2008.) ("Even when an employer has proffered what appears to be a legitimate, nondiscriminatory explanation for its conduct, summary judgment will not be appropriate if the aggrieved employee produces evidence from which a jury reasonably could find that the stated explanation is false. ....")

As demonstrated by the Plaintiff's excellent work performance and the fact that there was no difference between the Plaintiff's 3.0 overall 2007 Year-End performance rating and another program manager's 3.1 overall Year-End performance rating, Sears' argument that the Plaintiff was chosen for poor performance is false. (Plaintiff's Facts ¶¶

11


shows that Defendant's stated "legitimate" reason for termination is an impossibility.) Thus, Sears cannot present unrebutted evidence that "poor performance" or cost reductions were the reasons the Plaintiff was selected for termination. Since the Defendant cannot demonstrate with unrebutted evidence that Plaintiff would have been terminated regardless of his FMLA leave then the case must proceed to trial. *Burnett*, 472 F.3d at 481; see also *Phelan v. Cook County*, 463 F.3d 773, 787 (7th Cir. 2006).

Even if the Court determines that the Defendant's has met its burden that it terminated the Plaintiff for solely non-discriminatory reasons, the Plaintiff can show that these reasons were a pretext. Sears' alleges that the Plaintiff was selected for termination because he had the lowest overall 2007 Year-End Performance score and Sears was being forced to reduce the head count in Plaintiff's group. (Def. Memo. p. 6.) As the undisputed facts demonstrate, before and after Plaintiff's termination, Sears had open program manager positions -- the same position the Plaintiff held. (Plaintiff's Facts ¶¶ 28-30.) Obviously, Sears was expanding Plaintiff's department rather than reducing its size. See, *Duncan v. Fleetwood Motor Homes of IN*, 518 F.3d 486, 491-492 (7th Cir. 2008.) ("Even when an employer has proffered what appears to be a legitimate, nondiscriminatory explanation for its conduct, summary judgment will not be appropriate if the aggrieved employee produces evidence from which a jury reasonably could find that the stated explanation is false. ....")

As demonstrated by the Plaintiff's excellent work performance and the fact that there was no difference between the Plaintiff's 3.0 overall 2007 Year-End performance rating and another program manager's 3.1 overall Year-End performance rating, Sears' argument that the Plaintiff was chosen for poor performance is false. (Plaintiff's Facts ¶¶

1-14, 31-32.) Additionally, the Defendant's explanation that the Plaintiff was eliminated for cost reduction purposes is false, since the evidence has shown that Sears had open positions in the Plaintiff's job title both before and after his termination. (Plaintiff's Facts ¶¶ 28-30) Thus, the Defendant's rationale for terminating the Plaintiff is a pretext.

## IV. CONCLUSION.

The Plaintiff has demonstrated his *prima facie* case for FMLA retaliation under both the direct and indirect methods of proof. Defendant has not met its burden to provide unrebutted evidence that Plaintiff's termination was for a legitimate non-discriminatory reason. Therefore, the Defendant's Motion for Summary Judgment should be denied.

Respectfully submitted,
NICHOLAS SALAMEH,

s/ Tara Beth Davis
_____
By:     One of his Attorneys

Brian R. Holman
Dennis H. Stefanowicz, Jr.
Tara Beth Davis
HOLMAN & STEFANOWICZ, LLC
Attorneys for the Plaintiff
30 South Wacker Drive, Suite 2425
Chicago, Illinois 60606
(312) 258-9700